# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Maurice Moore, | 2:22-cv-01635-APG-MDC |
| Plaintiff(s), | |
| vs. | **Order** |
| Charles Daniels, et al., | |
| Defendant(s). | |

The Court has considered the *Motion for Leave to Amend* (ECF No. 22) filed by plaintiff Maurice Moore ("plaintiff" or "Mr. Moore") on October 20, 2023, and defendants' *Motion to Strike* (ECF No. 25) filed on December 4, 2023. For the reasons set forth below, the Court denies: (1) Mr. Moore's *Motion for Leave to Amend* (ECF No. 22); (2) defendants' alternative *Motion for Screening Order and Stay of Discovery* (ECF No. 23)[1]; and (3) defendants' *Motion to Strike* (ECF No. 25).

**I.   FACTS**

Mr. Moore is in the custody of the Nevada Department of Corrections (NDOC) and is pursuing a civil rights action under 42 U.S.C. § 1983. On April 17, 2023, the Court entered a *Screening Order for First Amended Complaint* ("Screening Order")(ECF No. 10) allowing Mr. Moore to proceed with his First Amended Complaint (ECF No. 9). The Court's April 17, 2023, Screening Order modified Mr. Moore's complaint and dismissed several defendants. In sum, the Court ordered that "Mr. Moore's Fourteenth Amendment equal protection claim will proceed against defendants Barrett, Vaughn, and Scally." ECF No. 10 at p. 5, lines 12-13.

Mr. Moore's Fourteenth Amendment equal protection claim in his First Amended Complaint (ECF No. 9) is based on the following allegations. Within several months of entering the prison system,

---

[1] Defendants did not file the alternative *Motion for Screening Order and Stay of Discovery* as a separate filing as required by LR IC 2-2(b). The Court directs defendants to comply with LR IC 2-2(b) in the future.

Barrett gave Moore a job and moved him to the workers' unit. A month or two later, prison officials moved Moore from that unit without providing a reason and without any write-ups. Although Moore filed grievances, he never received any responses. Prison officials never let Moore work after the removal.

According to Moore, Barrett treated him differently than the other protective custody (PC) inmates by providing them with greater protections and allowing them to work. Prison officials at HDSP have also offered camp privileges to some PC inmates, but not other PC inmates like Moore. On several occasions Vaughn denied Moore's request for camp access without providing any explanation. Moore filed a grievance with Scally, which Scally denied. Moore alleges that Barrett, Vaughn, and Scally treated him differently than the other PC inmates without providing a rational explanation.

On April 17, 2023, the Court entered a *Screening Order For First Amended Complaint* (ECF No. 9), which: (a) ordered that Mr. Moore's First Amended Complaint (ECF No. 9) is the "operative complaint" (as amended by the order); and (b) allowed Mr. Moore to proceed with his Fourteenth Amendment equal protection claim against defendants Stacy Barrett, B. Vaughn, and James Scally. *Id.* It is unclear from the parties' briefs or the record whether any discovery has taken place with respect to Mr. Moore's screened Fourteenth Amendment equal protection claim.

On October 20, 2023, Mr. Moore filed his *Motion to Amend* (ECF No. 22).  Mr. Moore attached his proposed Second Amended Complaint as an exhibit to his *Motion to Amend.*  Mr. Moore's proposed Second Amended Complaint adds several new claims and some 22 new defendants. Mr. Moore does not give any reasons in his *Motion to Amend* why the Court should allow him to file his proposed Second Amended complaint.  Among other things, Mr. Moore does not say why he proposes to add new claims and new defendants, particularly so many new defendants.   This is important because an individual can only be liable under 42 U.S.C. § 1983 if a plaintiff shows that such individual personally engaged in conduct giving rise to the §1983 claim.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (stating that a defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the

defendant."). Moreover, Mr. Moore also appears to improperly ask the Court to give him open leave to amend his complaint as he may see fit. Thus, Mr. Moore states, "I respectfully ask this court to grant my motion to amend case #2:22-cv-01634-APG-VCF, now and in the future…." ECF No. 22 at p. 1, lines 3-5.

On November 6, 2023, defendants filed their *Response* in opposition to Mr. Moore's motion and, in the same filing[2], countermoved for a screening order and to stay discovery (ECF No. 23).

On November 22, 2023, Mr. Moore file a motion styled as a "*Motion to proceed with said case as originally scheduled*" (ECF No. 24). In that motion, Mr. Moore states that he was unable to include points and authorities in his *Motion to Amend* (ECF No. 22) because HDSP officials are denying him law library access due to 24 hr. lockdowns. However, Mr. Moore again fails to say why the Court should allow him to add new claims and new defendants. Instead, Mr. Moore's "*Motion to proceed with said case as originally scheduled*" (ECF No. 24) raises arguments regarding the parties' July 14, 2023, mediation proceedings. On December 4, 2023, defendants filed a *Motion to Strike* (ECF No. 25) which seeks to strike Mr. Moore's November 22, 2023 "*motion to proceed*."

II.   DISCUSSION

**A.  The Court Denies Mr. Moore's *Motion For Leave To Amend* (ECF No. 22)**

Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *Id.* The Ninth Circuit has instructed that the policy favoring amendments "is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987) (citations omitted).

That said, amendments which seek to add parties are not granted as freely as amendments that only seek to add claims. *Union Pac. R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991).

---

[2] *Id.*

Additional mitigating factors against amendments to pleadings include undue delay in litigation, prejudice to the opposing party, and futility for lack of merit. *Georgiou Studio, Inc. v. Boulevard Inv., LLC,* 663 F. Supp. 2d 973, 978 (D. Nev. 2009*), as amended* (Oct. 7, 2009), *on reconsideration in part*, 2010 WL 11579011 (D. Nev. Apr. 2, 2010)(*citing Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir.1990).

      The Court denies Mr. Moore's *Motion For Leave to Amend* (ECF No. 22) because of futility. Here, Mr. Moore has already overcome the screening process and has a pending Section 1983 action moving forward against defendants Barrett, Vaughn, and Scally.   Mr. Moore's proposed Second Amended Complaint is problematic.  Mr. Moore's proposed Second Amended Complaint names several members of the parole board (Mary Barker; Susan Jackson; Michael Keeler; Minerva de la Torre; Lanicia Baily; Donna Verchio; Eric Christiansen; and Scott Weisenthal) and raises claims and allegations regarding parole matters, the validity of his confinement, and challenging his denial of parole.  Claims or challenges to the validity or duration of confinement are matters of habeas corpus relief per 28 U.S.C. § 2254.  *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016).  A plaintiff cannot make claims for both civil rights violations per 42 U.S.C. §1983 and for habeas corpus relief per 28 U.S.C. § 2254 in the same action.  *Nettles*, 830 F.3d at  927 (reiterating that "habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action"); *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (holding that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration").

      The Court is not making any determination or screening as to Mr. Moore's allegations and claims relative to parole matters or duration of his confinement.

The Court's decision and order is not intended to and should not be construed to preclude Mr. Moore from pursuing a separate habeas corpus action.

### B. The Court Denies Defendants' alternative *Motion for Screening Order and Stay of Discovery* (ECF No. 23) and *Motion to Strike* (ECF No. 25)

Defendants ask the Court to screen and issue a screening order regarding plaintiff's proposed Second Amended Complaint, and to stay discovery during such screening process. The Court denies *Motion for Screening Order and Stay of Discovery* (ECF No. 23) as moot because the Court has denied Mr. Moore's *Motion to Amend* (ECF No. 22). Accordingly, discovery must proceed, and the Court will be entering a separate discovery scheduling order pursuant to Local Rule ("LR") 16-1(b).

### C. The Court Denies Defendants' *Motion to Strike* (ECF No. 25)

The Court denies defendants' *Motion to Strike* (ECF No. 25), which seeks to strike plaintiff's *Motion to proceed with case as originally scheduled* (ECF No. 24). "A document filed *pro se* is "to be liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)[3], and this Court liberally construes plaintiff's ECF No. 24 as a reply in support of ECF No. 22.

That said, in the future Mr. Moore must follow the motion practice provided by LR 7-2, which generally goes as follows: First, a motion is filed, which requests something from the court. *See LR 7-1(a).* Next, the other party then files a response or opposition to the motion (*see LR 7-2(b)*), which it limited to addressing only "the issues raised in the motion." *Sliptchuik v. ING Bank, FSB*, No. 6:13-CV-460-ORL-28, 2013 WL 4596951, at *2 (M.D. Fla. Aug. 28, 2013). Finally, the party who filed the motion gets to file a "reply" (*see LR 7-2 (b)),* which is generally limited to replying to the arguments "raised by the opposition or unforeseen at the time of the original motion." *Townsend v. Monster Beverage Corp.*, 303 F. Supp. 3d 1010, 1027 (C.D. Cal. 2018).

---

[3] *Id,* quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations omitted).

LR 7-2(a) and (d) also require all motions and responses/oppositions to be "supported by memorandum of points and authorities." *Id.*  A memorandum of points and authorities is important because, LR 7-2(d) provides that if a party filing a motion "file points and authorities in support of the motion," that may be construed as "a consent to the denial of the motion." *Id.*  This also generally applies to responses or oppositions to motions, except motions for summary judgment or for attorneys' fees: "The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." *Id.*

A statement of "points and authorities" generally identify (a) what action is being requested of the court; (b) the reasons why such action is requested; and (c) argument and legal authorities (*e.g.*, cases, statutes, rules, etc.…) that support the requested action and stated reasons for such action.   Mr. Moore should familiarize himself with the Local Rules and the Federal Rules of Civil Procedure.  The Court's Local Rules may be accessed on the Court's website or via: https://perma.cc/68MK-CPL6.

//

//

//

//

## **CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that:

1. Plaintiff's *Motion For Leave To Amend* (ECF No. 22) is **DENIED** without prejudice.

2. Defendants' *Motion to Strike* (ECF No. 25) is **DENIED**.

3. Defendants' alternative *Motion for Screening Order and Stay of Discovery* (ECF No. 23) and *Motion to Strike* (ECF No. 25) are **DENIED**. The parties are directed to proceed forthwith with discovery in accordance with the Court's contemporaneous LR 16-1(a) discovery scheduling order.

DATED this 26th day of January 2024.

IT IS SO ORDERED.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge